UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| JAMES STEWART,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>       Plaintiff,<br>v<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>       Defendant. | Civil Action, File No.<br>1:17-cv-05120-FB-VMS |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, James Stewart [hereinafter "Stewart"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Portfolio Recovery Associates, LLC ("PRA"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on PRA's regular transaction of business within this district. Venue in this district also is proper based on PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. PRA also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Stewart is a natural person residing at 3216 Crescent Street, Apt. L3, Astoria, NY 11106.

6. Stewart is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about April 14, 2016, PRA sent Stewart the letter annexed as Exhibit A. Stewart received and read Exhibit A. For the reasons set forth below, Stewart's receipt and reading of Exhibit A deprived Stewart of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, PRA sent Exhibit A to Stewart in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by HSBC Bank Nevada N.A. for his individual use, individually incurring charges by using the credit card account for personal, family or household purposes, and then, as an individual, failing to pay for these charges. PRA, via Exhibit A, attempted to collect this past due debt from Stewart in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. PRA is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs.  PRA possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon PRA possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of PRA is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

13. On Exhibit A, PRA identifies itself as a "debt collector".  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A set forth a "Total Now Due" of $1,060.54.

17. Any "Total Now Due" resulted from an agreement between Stewart and HSBC Bank Nevada N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

18. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

19. Pursuant to the aforementioned agreement, HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA had a legal right at any time to collect from Stewart the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

20. The aforementioned right to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due" is not waived by HSBC Bank Nevada N.A. or any assignee or successor-in-interest such as PRA as a result of a failure by either HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA at any point in time to attempt to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

21. On the date of Exhibit A, PRA may not have had any intention of seeking from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  However, at any time after the date of Exhibit A, PRA had the right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a party who then would exercise the aforementioned right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

22. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the

aforementioned accrued interest, late charges, and/or other charges. However, Exhibit A did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what Stewart would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Total Now Due" of $1,060.54 to increase.

23. For the above reasons, Exhibit A did not set forth the amount of the "debt". <u>Carlin v. Davidson Fink LLP</u> No. 15-3105-cv (2nd Cir., 2017); and <u>Balke v. Alliance One Receivables Mgmt., Inc.</u> 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

24. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) by sending Exhibit A to Stewart.

## SECOND CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. Exhibit A set forth a "Total Now Due" of $1,060.54.

27. Any "Total Now Due" resulted from an agreement between Stewart and HSBC Bank Nevada N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

28. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

29. Pursuant to the aforementioned agreement, HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA had a legal right at any time to collect from Stewart

the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA on any "Total Now Due" due but unpaid to HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA.

30. The aforementioned right to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due" is not waived by HSBC Bank Nevada N.A. or any assignee or successor-in-interest such as PRA as a result of a failure by either HSBC Bank Nevada N.A. and any assignee or successor-in-interest such as PRA at any point in time to attempt to collect from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

31. On the date of Exhibit A, PRA may not have had any intention of seeking from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  However, at any time after the date of Exhibit A, PRA had the right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".  In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a party who then would exercise the aforementioned right to seek from Stewart the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Now Due".

32. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" due from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the aforementioned accrued interest, late charges, and/or other charges.  However, Exhibit A failed to notify Stewart that her "Total Now Due" may increase due to the

aforementioned accrued interest, late charges, and/or other charges.

33. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) and 15 USC § 1692e by sending Exhibit A to Stewart.

### THIRD CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

35. Exhibit A sets forth a "Total Now Due" of $1,060.54.

36. Exhibit A does not set forth that the "Total Now Due" of $1,060.54 may increase due to interest, late charges, and/or other charges.

37. Since Exhibit A does not set forth that the "Total Now Due" of $1,060.54 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Total Now Due" of $1,060.54 was static and that their payment of $$1,060.54 would satisfy the debt irrespective of when the payment was remitted.

38. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

39. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y.

App. Div., 2010) and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

40. Stewart owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

41. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

42. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, PRA had a guaranteed right to interest on the "Total Now Due" of $1,060.54 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), <u>Leroy Callender, P.C. v. Fieldman</u>, 676 N.Y.S.2d 152,154, 252 A.D.2d 468 (N. Y. A. D. 1 Dept., 1998), and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

43. Based on the above, the "Total Now Due" of $1,060.54 set forth in Exhibit A was not static. Instead, interest was in fact accruing and owed on the "Total Now Due" of $1,060.54 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

44. Based on the above, at any time after the date of Exhibit A, PRA had the right to take the required actions to seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Total Now Due" of $1,060.54 set forth in Exhibit A was paid.

45. In the alternative, at any time after the date of Exhibit A, PRA had the right to sell Stewart's debt to a third party and based on the above such third party could take the required actions to seek the interest that accumulated after Exhibit A was sent but before the "Total Now Due" of $1,060.54 set forth in Exhibit A was paid.

46. For the above reasons, at any time after the date of Exhibit A, the "Total Now Due" due from Stewart and/or the "Total Now Due" sought from Stewart may have increased due to the aforementioned accrued interest.

47. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1) and 15 USC § 1692e by sending Exhibit A to Stewart.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

49. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

50. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

51. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

52. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

53. The classes consist of:

I.  (a) all natural persons (b) who received a letter from PRA dated between April 14, 2016 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A; and/or

II. (a) all natural persons (b) who received a letter from PRA dated between April 14, 2016 and the present to collect a past due debt regarding a credit card account, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or Total Now Due of the past due debt.

54. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

55. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

56. The predominant common question is whether Defendant's letters violate the FDCPA.

57. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

58. A class action is the superior means of adjudicating this dispute.

59. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against PRA in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

      2. Any and all other relief deemed just and warranted by this court.

Dated: October 26, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709